IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL TIJERINA,

Plaintiff,

v. Case No. 1:25-cv-00561-MIS-LF

FRANKLIN BOAHEN and CRENA TRANSPORTATION SERVICE, LLC,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on plaintiff Michael Tijerina's Motion to Strike Defendant Crena Transportation Service LLC's Errata Sheet (Doc. 81), filed August 28, 2026. Defendants Franklin Boahen and Crena Transportation Service, LLC ("Crena") filed a brief in opposition on September 11, 2026. Doc. 82. Plaintiff did not file a reply. *See* D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete."). Having reviewed the briefing, the law, and otherwise being fully advised, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

**BACKGROUND**

This case arises from a motor vehicle crash between plaintiff Michael Tijerina and defendant Franklin Boahen, who was driving a tractor-trailer owned by defendant Crena. Doc. 81 at 1; Doc. 82 at 1. Plaintiff deposed Crena's corporate representative, Stefan Corovic, on June 19, 2026, from 8:04 a.m. to 4:29 p.m. Doc. 81 at 2; *see* Doc. 82-1 at 5, 47. At Defendants' request, Plaintiff hired a master licensed interpreter to interpret questions asked during the

deposition from English to Serbian and Mr. Corovic's answers from Serbian to English. Corovic Depo. (Doc. 81-1) 153:20–24.

The deposition begins and proceeds largely without any apparent issue with the interpretation. *See id.* 1:1–56:25. Mr. Corovic states that he can read and speak English but preferred that the interpreter be present to make sure he understands everything. *Id.* 16:25 – 17:1–4. As the deposition proceeds, there are a few instances where Mr. Corovic expresses concern with the interpretation, *id.* 57:9–14; 58:9–13; 84:22–25, including one instance where the interpreter appears to agree that she did not completely capture what Mr. Corovic was attempting to express, *id.* 98:16–24 ("…that was not exactly what he said.").

About halfway through the deposition transcript Mr. Corovic begins frequently expressing his concerns with the interpretation. *Id.* 109:5–14. The deposition proceeds in fits and starts, with Mr. Corovic frequently interrupting the interpreter to correct what he perceives as a misinterpretation or to reiterate his concerns with the interpretation to the attorneys. At one point, after taking a recess, counsel for each side states their respective positions for the record regarding the interpretation. *Id.* 153:7–155:5. Plaintiff's counsel states that the deposition should continue, arguing that there is no reason to doubt the accuracy of the interpretation and noting that the defense has not hired its own interpreter to confirm the accuracy of the interpretation. *Id.* 153:17–154:19. Defense counsel states his agreement to proceed with the deposition but asks Mr. Corovic to state any concerns about further interpretation for the record. *Id.* 154:20–155:5.

The deposition proceeds, but Mr. Corovic continues to express his concerns with the interpretation of his answers. *See id.* 171:2–177:25. Before Plaintiff's counsel finishes her direct examination of Mr. Corovic, the interpreter states that she will not continue to interpret the

deposition and leaves. *Id.* 178:1–180:7. Plaintiff's counsel states that it would be appropriate for Plaintiff to "suspend the deposition subject to [his] right to reopen after we find an interpreter who will continue this deposition." *Id.* 178:15–22. Defense counsel agrees. *Id.* 178:23–24. The parties do not state, nor does the record reflect, that Plaintiff's deposition of Mr. Corovic was ever reopened.

The parties received the deposition transcript on July 10, 2026. Doc. 81 at 2. After receiving an extension from Plaintiff's counsel, Mr. Corovic submitted an errata sheet on August 13, 2026. *Id.* There is only one correction that addresses a discrete portion of the transcript. *See* Doc. 81-3 at 5–6. Otherwise, the errata sheet purports to corrects expansive portions of the transcript with concise responses. *See id.* at 5–7. For example, at one point Mr. Corovic seeks to correct thirty-three pages of the transcript with a three-sentence response. *Id.* at 5. The reason provided for all of the corrections is "Point lost in translation, final answer unclear." *Id.* at 5–7. Plaintiff moves to strike this errata sheet. *See* Doc. 81.

## ANALYSIS

Federal Rule of Civil Procedure 30 provides that within thirty days of being notified by the officer that a transcript or recording of a deposition is available, the deponent or a party must be allowed, on request, to sign a statement listing any changes in form or substance and the reasons for making those changes. FED. R. CIV. P. 30(e)(1). Some courts have construed Rule 30(e) to permit relatively liberal changes to the substance of deposition testimony. *See Sec. & Exch. Comm'n v. Goldstone*, No. 1:12-cv-00257-JB-GBW, 2016 WL 3135651, at *38 (D.N.M. May 10, 2016). The Tenth Circuit Court of Appeals, however, has adopted a restrictive approach of the substantive changes that may be made to deposition testimony pursuant to Rule 30(e) and has clarified that "[t]he Rule cannot be interpreted to allow one to alter what was said under

oath" such that "one could merely answer the questions with no thought at all then return home and plan artful responses." *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)).[1]

Courts in the Tenth Circuit thus have discretion to "evaluate material changes made under Rule 30(e) by applying a test [the Tenth Circuit] developed in the context of sham affidavits." *Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 784 (10th Cir. 2021). This *Burns/Franks* test evaluates

> 1. whether the deponent was cross-examined during his earlier testimony;
>
> 2. whether the deponent had access to the pertinent evidence at the time of his earlier testimony or whether the change to deposition testimony was based on newly discovered evidence; and
>
> 3. whether the earlier testimony reflects confusion which the Rule 30(e) correction attempts to explain.

*Id.* at 784–85 (citation modified) (quoting *Burns v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1282 (10th Cir. 2003); *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)). And while the *Burns/Franks* factors were developed when considering deposition testimony offered in support of motions for summary judgment, the Tenth Circuit has since clarified that the test may be used outside of the summary judgment context. *Id.* at 785.

---

[1] Defendants are correct that the Tenth Circuit's comment that it takes "a restrictive view of the changes that can be made pursuant to Rule 30(e), and take[s] a dim view of substantive alternation of deposition testimony" was made in an unpublished opinion. Doc. 82 at 3 (quoting *BancFirst ex rel Est. of M.J.H, v. Ford Motor Co.*, 422 F. App'x 663, 666 (10th Cir. 2011)). However, the Tenth Circuit's dim view of such changes is evident in several published opinions. *See Garcia*, 299 F.3d at 1242 n.5 ("We do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony."); *Burns v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1282 (10th Cir. 2003) (analyzing material Rule 30(e) changes under a "sham" affidavit test); *Sinclair Wyo. Refin. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 784–85 & n.32 (10th Cir. 2021) ("A deposition is not a take home examination.") (quotation omitted)).

The Tenth Circuit has yet to address Rule 30(e) in the context of alleged interpretation errors, but courts have found such corrections appropriate under certain circumstances. A district court applying the Tenth Circuit's standards when evaluating corrections to interpreted deposition testimony recognized "that translation errors may, and should, be addressed on errata sheets," especially "when the deponent's attorney objected to the interpretation during the deposition." *Cerda v. Cillessen & Sons, Inc.*, No. 19-1111-JWB, 2020 WL 4500721, at *6–8 & n.40 (D. Kan. Aug. 5, 2020) (collecting cases). However, the court noted that "[b]latant rewrites" that "fundamentally change the substance of an answer . . . should not be permitted." *Id.* (quotation omitted). The court accordingly permitted corrections that did not make substantive, material changes to the deponent's testimony, but the court struck changes that materially changed portions of the deposition. *Id.* at *7–8.

**I. The Court agrees that most corrections must be stricken.**

As a preliminary matter, Plaintiff challenges the scope of the changes Mr. Corovic seeks to make to his deposition transcript. Doc. 81 at 4. Plaintiff highlights an example where Mr. Corovic seeks to change twenty-eight pages of questions and answers into a concise, one-paragraph response. *Id.* at 5 (citing Doc. 81-3 at 5). Plaintiff argues that "[n]one of Defendant's proposed 'corrections' are directed at a single question and answer that were misunderstood, incorrect, or mistranslated." *Id.* The Court agrees that the majority of Mr. Corovic's corrections encompass wide page ranges of testimony, including questions and objections by counsel, rather than specific responses that Mr. Corovic argues were misinterpreted. The proposed corrections seek to correct these pages of testimony with concise, one-or-two-paragraph responses. Only one correction narrowly addresses one of Mr. Corovic's responses. *See* Doc. 81-3 at 3 (correction to Page 92, lines 12–14).

Defendants respond that Rule 30(e) does not mandate any specific form for changes and contend that "[t]he nature of the deposition in this case and the disconnect between the interpreter and the witness did not lend itself to simple, line-by-line changes." Doc. 82 at 4. Defendants point out that "Mr. Corovic mentioned several times during this testimony that he believed that the interpreter was not understanding the terminology used in this discussion and expressed concerns that he was not being understood." *Id.* at 4. Defendants argue that the changes "simply clarified what was discussed" and "did not alter what was said or what [Mr. Corovic] testified to in the deposition." *Id.* at 5. Defendants state that Mr. Corovic's changes "demonstrate the multiple pages of his testimony that could be succinctly summarized in a paragraph or two." *Id.*

While Defendants are correct that Rule 30(e) does not prescribe a specific form in which corrections must be made, the Court cannot conclude that Mr. Corovic's expansive corrections fit within the Tenth Circuit's narrow view of Rule 30(e). The Tenth Circuit has provided examples of the kinds of corrections it deems appropriate and has signaled that such corrections should be precise and address specific portions of a transcript. In *Garcia*, for example, the Tenth Circuit approvingly quoted a district court's example of narrowly correcting one word in a transcript: "Should the reporter make a substantive error, i.e., he reported 'yes' but I said 'no,' or a formal error, i.e., he reported the name to be 'Lawrence Smith' but the proper name is 'Laurence Smith,' then corrections by the deponent would be in order." 299 F.3d at 1242 n.5. More recently, the Tenth Circuit affirmed a magistrate judge's striking of errata sheets except for "certain 'technical' changes . . . relating to incorrect spelling, clarification, or changes where the reporter appears to have misunderstood [the deponent] or made an error." *Sinclair Wyo. Refin. Co.*, 989 F.3d at 781, 784. Defendants cite no authority supporting their proposition that Rule 30(e) errata sheets may

be used in this circuit to summarize pages upon pages of back-and-forth questioning into concise responses. Tenth Circuit precedent compels the opposite conclusion. *See id.* at 784 n.32 (stating that Rule 30(e) cannot be interpreted to allow a deponent to "return home and plan artful responses") (quotation omitted).

Moreover, Defendants' response suggests that Mr. Corovic's errata sheet is offered not so much to correct the transcript as it is to supplement it. Defendants argue that the changes "simply clarified what was discussed" and "did not alter what was said or what [Mr. Corovic] testified to in the deposition." *Id.* at 5. But deponents may not supplement their deposition testimony. *Radian Asset Assurance., Inc. v. Coll. of Christian Bros. of N.M.*, No. 1:09-cv-00885-JB-DJS, 2010 WL 5173316, at *4 (D.N.M. Nov. 15, 2010) ("Deponents do not have the right to 'supplement' their deposition testimony under the Federal Rules of Civil Procedure, and a rule 30(b)(6) witness does not have a right to supplement testimony that other deponents do not have.")

The Court therefore strikes Mr. Corovic's errata sheet insomuch as it seeks to correct the following pages and lines of his deposition:

- Pages 42, 43 & 44; Lines 12–25, 1–25, 1–4
- Pages 54–61; Lines 2–25, 1–25
- Pages 62–95; Lines 14–25, 1–7
- Pages 95–109; Lines 8–25, 1–25
- Pages 110–138; Lines 14–25, 1–24
- Page 142; Lines 10–23
- Pages 144–147; Lines 17–25, 1–10
- Pages 147–161; Lines 11–25, 1–12

- Pages 165–173; Lines 3–25, 1–20

Permitting these corrections would essentially allow Mr. Corovic to supplant portions of the transcript, including back-and-forth questioning by Plaintiff's counsel and objections by defense counsel, with concise responses. To be clear, the Court is not endorsing a specific format in which Rule 30(e) corrections must be made. Rather, the Court merely concludes that the Tenth Circuit's narrow interpretation of Rule 30(e) does not permit the expansive, imprecise changes that Mr. Corovic attempts to make here.

**II. The Court permits Mr. Corovic's correction to Lines 12–14 on Page 92.**

One of the changes on Mr. Corovic's errata sheet is narrowly tailored to address the following testimony: "Do I answer this as Stefan Corovic or I answer as the CEO [verbatim] of Crena?" Corovic Depo. (Doc. 81-1) 92:12–14. Mr. Corovic seeks to correct this sentence to: "I was never the CEO of Crena, and I never used that term in the deposition to describe myself." Doc. 81-3 at 5. The reason provided for this change is: "Point lost in translation, final answer unclear." *Id.*

A threshold determination courts in the Tenth Circuit make when faced with Rule 30(e) corrections is to determine whether the correction is material. *See Applied Cap., Inc. v. ADT Corp.*, No. 1:16-cv-00815-JFB-SCY, 2020 WL 4546434, at *2 (D.N.M. Aug. 6, 2020). If the correction is material, courts then apply the *Burns*/*Franks* factors to determine whether the correction should be permitted. *Id.* The Court determines the correction to Page 92, Lines 12 to 14, is immaterial and will therefore permit it without applying the *Burns*/*Franks* factors. Mr. Corovic's change here clarifies that he is not Crena's CEO; an issue that no party disputes nor argues is material to the case. Moreover, this change is consistent with Mr. Corovic's testimony later in the deposition where he interrupted the interpreter to correct her apparent

misinterpretation that he was Crena's CEO when he in fact was merely the corporate representative. *See* Corovic Depo. (Doc. 81-1) 142:10–23.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Strike Defendant Crena Transportation Service LLC's Errata Sheet (Doc. 81). The Court denies the motion as to Mr. Corovic's correction to Page 92, Lines 12 to 14 of his deposition. The Court otherwise strikes Mr. Corovic's errata sheet.

IT IS SO ORDERED.

Laura Fashing
United States Magistrate Judge